# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

IN RE:

| | | |
|---|---|---|
| Joanne T. Greene, | ) | Chapter 7 |
| Debtor | ) | Case No. 10-10801 cab |

## DEBTOR'S CONSOLIDATED RESPONSE TO TRUSTEE'S TWO OBJECTIONS TO HER CLAIM OF HOMESTEAD EXEMPTION WITH A MEMORANDUM OF LAW & REQUEST FOR SUMMARY JUDGMENT

NOW COMES, Joanne T. Greene, by and through her attorney, John D. Toscano, Esq., and responds to the Trustee's two objections [1] to her claim of a homestead exemption under 27 V.S.A. §101 and 12 V.S.A. §3023 in proceeds of a promissory note from its sale, and consolidates her response as follows:

### I. FACTS

#### A. Procedural

1. On June 13, 2010, debtor filed a petition ( the 'petition') for relief under Chapter 7 of Title 11 of the United States Code, with a subsequent appointment of Raymond J. Obuchowski as Trustee and the debtor's § 341 meeting being held and closed on July 12, 2010.

---

[1] The Trustee's two objections will be referred to as 'first' or 'second' hereafter.

Joanne T. Greene, Ch. 7, 10-10801-cab　　　　　1　　　　　Debtor's Consolidated Response to Trustee's
August 30, 2010　　　　　　　　　　　　　　　　　　　　　Objections to Homestead Exemption
　　　　　　　　　　　　　　　　　　　　　　　　　　　With Memo of Law & Request for Summary Judgment

2. Debtor's petition included her promissory note income of $792.00 per month, on her schedule I, line 8, as 'income from real property'.

3. On July 1, 2010, as the result of an e-mail inquiry from the Trustee regarding debtor's real property income, the debtor amended her schedules to reflect the real property as exempted homestead proceeds in schedule A as follows:

> 8-year 4% per annum mortgage held
> in debtor's name on her Vermont
> homestead in Townsend VT sold
> May 2009

with a summary of the nature of her interest as:

> Interest in proceeds of a
> promissory note from the
> sale of debtor's homestead
> in May 2009, and interest as
> legal title holder under
> Vermont law in mortgaged
> premises

and her schedule C amended as follows:

> 8-year 4% per annum mortgage held
> in debtor's name on her Vermont
> homestead in Townsend VT sold
> May 2009

See, petition (doc. #11) and Trustee's first objection (doc. #15), Exhibits A (original petition schedules A, B, C, I) and B (debtor's July 1 amendment).

Joanne T. Greene, Ch. 7, 10-10801-cab  2  Debtor's Consolidated Response to Trustee's
August 30, 2010  Objections to Homestead Exemption
With Memo of Law & Request for Summary Judgment

4. On July 14, 2010, the Trustee filed an *Application to Employ* in part stating as reasons therefore:

> …to assist Trustee regarding an objection to a claim of exemption as homestead in a mortgage receivable for approximately $89,000. The possible recovery is $70,000 to $80,000.

See, Petition (doc. #13, ¶2 (f), and letter attached, "RE: Retention for Representation of Trustee in JOANNE T. GREENE case"). The trustee's application was approved on August 6, 2010.

5. On July 15, 2010, the debtor then realizing after another trustee's comment directed towards her instant counsel in an unrelated case at its § 341 meeting in Burlington on July 7, 2010, that "promissory note proceeds are personal property" that she should, and she did, amend her schedule B and C to reflect that homestead promissory note proceeds as personal property, and likewise exempt under 27 V.S.A. § 101. [2]

6. The debtor's second exemption amendment amended her original schedule B to read as follows:

_____

[2] See, *In re: Hauck, 10-10772*, (docs. # 10, 11, and schedule I of the original chapter 7 petition in that case – there, the trustee asked for and debtors agreed to an extension of time in which to object to the exemption pending the decision in this case. The exemption in H*auck* is that of the amount left on a promissory note, $5,625.00, and mortgage from the sale of a *portion* of debtors' homestead in Holland, Vermont).

Joanne T. Greene, Ch. 7, 10-10801-cab   3   Debtor's Consolidated Response to Trustee's
August 30, 2010                                  Objections to Homestead Exemption
                                                 With Memo of Law & Request for Summary Judgment

> 8-year 4% per annum mortgage and
> note held in debtor's name on her
> Vermont homestead in Townsend VT
> sold in May 2009 [value equals
> remaining payments due over note term]

and her amended schedule C was further amended reflecting the personal property exemption, to read

> 8-year 4% per annum mortgage and
> note held in debtor's name on her
> Vermont homestead in Townsend VT
> sold in May 2009 – Interest in proceeds of a
> promissory note from the sale
> of debtor's homestead in May
> 2009, and interest as legal title
> holder under Vermont law
> in mortgaged premises.

the exempted amount claimed being the amount left on the note as of July 1, 2010, or approximately $76,060.80.

7. On July 17, 2010, the debtor responded to a request from the Trustee by sending him copies of the sale transaction involved in her homestead exemption, namely, her recorded mortgage, with transfer tax return and a copy of the original promissory note.[3]

_____

[3] Debtor had sent a copy of the deed from the debtor to the buyer of her homestead under separate cover on June 30 as part of her LBR 4002 documentation. See, Debtor's Exhibits A and B, attached. See copy of original note and copy of recorded mortgage attached to Trustee's first objection as Exhibits D and E. Since the Trustee has not filed a copy of the recorded deed out from the debtor, it is attached hereto as Debtor's Exhibit C.

Joanne T. Greene, Ch. 7, 10-10801-cab      4      Debtor's Consolidated Response to Trustee's
August 30, 2010                                         Objections to Homestead Exemption
                                                        With Memo of Law & Request for Summary Judgment

8. On July 24, 2010, the Trustee filed an objection (first objection, doc. #15) to the debtor's amended schedules (being her amendments of July 1 and July 15), in particular her amended Schedule A and C, in which she had exempted $76,060.80, being the sum due her on the promissory note and mortgage she holds on her homestead, stating in part as follows:

> The promissory note fails to be property as exempt
> as described by 27 V.S.A. § 101.

and asks "this Court deny the Debtors' (*sic*) claim of homestead exemption in the promissory note under statutory provision 27 V.S.A. § 101".

9. On August 3, 2010, debtor filed another amendment (doc. #16), see Debtor's Exhibit D, attached, to her amended schedule C, specifying in addition to 27 V.S.A. § 101 as the 'law providing each exemption' also

> 12 VSA 3023
> In re: Oliver, 182 B.R. 699
> (Bkrtcy D. Vt. 1995)

10. On August 5, 2010, Trustee filed his second objection to debtor's claim of her homestead proceeds under 27 V.S.A. § 101, the objection being a re-filing of his first objection with added language in bold type to reflect his objection to the debtor's amendment of August 3, and which second objection in part reads:

> the debtor amended her claim of exemption
> asserting 12 V.S.A. § 3021 (*sic*) and decisional
> law under In re 182 Oliver B.R. 699.

Joanne T. Greene, Ch. 7, 10-10801-cab　　　　　　5　　　　　Debtor's Consolidated Response to Trustee's
August 30, 2010　　　　　　　　　　　　　　　　　　　　　　Objections to Homestead Exemption
　　　　　　　　　　　　　　　　　　　　　　　　　　With Memo of Law & Request for Summary Judgment

See, Trustee's second objection, ¶3, page 2 (doc. #17). And further, in that second objection, the Trustee relates:

> The Debtor now amends the basis for the exemption as to include 12 V.S.A. §3021 (*sic*) and decisional law under In re Oliver 182 B.R. 699. The homestead exemption was the conservation of family homes, Estate of Giard v. Laird (*sic*), 159 Vt. 508 (1993); and the purpose is to protect homeownership from loss to creditors, Mercier v. Partlow, 149 Vt. 523 (1988), although 12 V.S.A. 3023 provides:
>
> Except as herein otherwise provided, a person shall not be liable on trustee process on account of a sum due or owing to the principal debtor for property sold or conveyed or delivered by him, which was exempt from attachment and execution at the time of the sale. If at the time the trustee process was commenced, the principal debtor was the owner of other property exempt from attachment and execution and of the same kind as that sold by him to the trustee, so far as such other property was free from encumbrance for the purchase money, the provisions of this section shall not apply
>
> The Debtor appeared to intended and may have acquired a new homestead in Florida, and as a result having extinguished any original protections in the mortgage receivable. The burden of showing that the proceeds from the sale of the house, by which conveyance extinguishes the intent to domicile and therefore homestead, remain exempt property are upon the Debtor. Rollins v. Allison 59 Vt. 188 (1886). (*sic*)

See, Trustee's second objection, ¶9, page 3 (doc. #17).[4]

---

[4] Although the Trustee misquotes the debtor's amendment of August 3 to her schedule C, as he refers twice to 12 V.S.A. § 3021, not § 3023, the Trustee nonetheless correctly quotes §3023. As to this amendment, see, VTB Form A, <u>Declaration re: Electronic Filing</u>, Part II, Declaration of Attorney, to the effect that debtor's counsel's interposition of 'other legal contentions' are 'warranted' and 'not frivolous'.

Joanne T. Greene, Ch. 7, 10-10801-cab      6      Debtor's Consolidated Response to Trustee's
August 30, 2010                                                Objections to Homestead Exemption
                                                        With Memo of Law & Request for Summary Judgment

11.     The Trustee's second objection to debtor's exemption claim seeks the same relief as does his first objection: that "this Court deny the Debtors' (*sic*) claim of homestead exemption in the promissory note under statutory provision 27 V.S.A. § 101". He does not preserve any objection to debtor's claim under §3023.

B.     Homestead & Income

12.     The debtor lived in her Townsend, Vermont homestead from May 13, 1983, when she bought it, to May 12, 2009, when she sold it.

13.     The sale transaction afforded the debtor $10,000 cash on a sales price of $75,000.00, with the debtor taking back a 4% per annum note and mortgage.

14.     Although the debtor did go to Florida in 2009 and considered a more permanent move there, she did not stay and returned to Vermont in October 2009.

15.     The debtor intends to live out the rest of her life here in Vermont.

16.     Debtor receives per month $792.30 from her promissory note and $542.00 from social security.

17.     The debtor's promissory note proceeds end in May 2017, when she will be 72 years old. [5]

---

[5] For the statements contained in Paragraphs 12-17, see attached Debtor's Affidavit in Support of Her Consolidated Response to Trustee's Two Objections to Her Claim of Homestead Exemption; see also, Debtor's Exhibit C, deed, and Trustee's first objection, Exhibits D and E, note and mortgage.

Joanne T. Greene, Ch. 7, 10-10801-cab                                   7                         Debtor's Consolidated Response to Trustee's
August 30, 2010                                                                                              Objections to Homestead Exemption
                                                                                                      With Memo of Law & Request for Summary Judgment

# MEMORANDUM OF LAW
# &
# REQUEST FOR SUMMARY JUDGMENT

It might be said from a reading of the Trustee's second objection that it is all we know and all we need to know as to the facts and legal grounds for the Trustee's objections, though we are not addressing a Grecian urn, but a real person's effort to obtain a 'fresh start' and to protect her modest income from an unjustified liquidation attempt.

Therefore, debtor respectfully requests this honorable Court to treat the instant pleadings as cross motions for summary judgment because debtor's response is that there are no genuine issues of material fact left to decide and she asserts the legal proposition that her claims for exemption of the promissory note proceeds from the 2009 sale of her Vermont homestead not being property of the estate are supported under both 27 V.S.A. 101 and 12 V.S.A. 3023 and decisional law interpreting those Vermont statutory provisions in this district, notwithstanding Trustee's objections, and thus she is entitled to judgment as a matter of law. [6]

---

[6] Debtor finds as inconsequential, that is immaterial and irrelevant, the Trustee's reliance on the debtor's daughter's allegations in her letter to the court, allegations that are wholly hearsay. See, Trustee's first and second objections, ¶8 (docs. #15 and #17).

Joanne T. Greene, Ch. 7, 10-10801-cab
August 30, 2010

8

Debtor's Consolidated Response to Trustee's
Objections to Homestead Exemption
With Memo of Law & Request for Summary Judgment

## II. ARGUMENT

### A. The homestead sale proceeds in the promissory note are exempt and do not constitute property of the estate

The leading case in this jurisdiction on this point is In Re: Oliver, 182 B.R. 699 (Bkrtcy.D.Vt. 1995). In Oliver the debtor had obtained a $20,000 judgment from her divorce decree in lieu of her ex-husband's retention of their Connecticut homestead and that judgment was evidenced by a promissory note and mortgage on the former homestead to the debtor which she took with her when she moved to Vermont not long after the divorce. Ms. Oliver filed for Chapter 7 relief and opted for the Vermont exemptions.

The debtor claimed the note and mortgage exempt under 27 V.S.A. §101 and 12 V.S.A. § 3023. The trustee objected on the grounds the exemption in Vermont applied only to property in Vermont.

The Court found the exemption for the promissory note proceeds would have been valid under 27 V.S.A. § 101 and under 12 V.S.A. § 3023, "had the entire transaction taken place in Vermont". Oliver, at 700. [7]

---

[7] The Trustee's statement of the law in Vermont that the debtor has the burden of proof here, citing Rollins v. Allison, 59 Vt. 188 (1886), q.v., Debtor's Exhibit E, conflicts with Fed.R.Bankr.P. 4003(c). See, Trustee's second objection, ¶9, (doc #17, page 3); regardless, debtor has proved her entitlement to the exemption. See, Countryman, *The Use of State Law in Bankruptcy Cases*, *Part I and II,* 47. N.Y.U.L. Rev. 407, 631 (1972), Note 1 at 409 for the proposition that the *Erie* doctrine does not apply in bankruptcy; see also, Hill, *The Erie Doctrine in Bankruptcy*, 66 Harv.L.Rev. 1013 (1953).

Joanne T. Greene, Ch. 7, 10-10801-cab　　　　　　　9　　　　　Debtor's Consolidated Response to Trustee's
August 30, 2010　　　　　　　　　　　　　　　　　　　　　　Objections to Homestead Exemption
　　　　　　　　　　　　　　　　　　　　　　　　　With Memo of Law & Request for Summary Judgment

The issue of first impression in this district was not a difficult one to decide. The <u>Oliver</u> rationale was the 'plain meaning interpretation' of the statutes and the Vermont Supreme Court's broad construction of its exemption statutes, <u>Oliver</u> at 700, citing <u>In Re Christie</u>, 139 B.R. 612 (Bkrtcy.D.Vt. 1992); see also, <u>Mercier v. Partlow</u>, 149 Vt. 523 (1988) (in addressing the 'scope of the homestead exemption' in terms of equity above a mortgage lien and whether a judgment creditor had anything to attach the Court cited authority that "homestead statutes are remedial" and are "to be interpreted liberally to accomplish their remedial purpose"); cf., <u>Girard v. Laird</u>, 159 Vt. 508 (1993)(in deciding to overrule long standing precedent in the conveyance of a homestead and whether a homestead right was preserved where wife did not join in the conveyance due to a divorce, the Court implicitly recognized the law's changing current in homestead protection "from a means 'to assure a permanent common home for the members of a family' **to a device to shelter part of a debtor's estate from creditors**" (citations omitted)(emphasis added).**[8]**

---

**[8]** See, e.g., Holahan & Hemmings, *Judicial Expansion of Exemptions in Bankruptcy*, 80 Com.L.J. (1975) 102; *Section 522 Exemptions: A Look at the Individual Debtor's Reduction of the Bankruptcy Estate*, 5 Bankr.Dev.J. 131 (1988); *I Could Have Exempted It Anyway: Can A Trustee Avoid a Debtor's Prepetition Transfer of Exemptible Property?*, 23 Emory Bankr. Dev. J. 217 (2006-2007); *Why Proceeds of a Sale of Homesteaded Real Estate are Protected, If at all, only by State Statute and Not Section 522(C) of the Bankruptcy Code*, at http://www.neylonlaw.com/cpanrbla/NARBLA-Paper.htm;

Joanne T. Greene, Ch. 7, 10-10801-cab    10    Debtor's Consolidated Response to Trustee's
August 30, 2010                                  Objections to Homestead Exemption
                                                 With Memo of Law & Request for Summary Judgment

The Trustee's citation of both Mercier and Girard are quite misplaced in the context of his objections. Indeed Girard recognizes the broad, remedial, and we may say, evolving nature of the homestead exemption in Vermont, rather than the static concept the Trustee places on the issue. [9]

A more recently decided case in the 1st Circuit recognized that post-petition proceeds from debtor's homestead sale did not lose their exempt status and cannot be held accountable for the debtor's pre-petition debt. Pasquina v. Cunningham, 513 F.3rd (1st Cir. 2008)("an exemption is an interest withdrawn from the estate [and hence from the creditors] for the benefit of the debtor", citing Owen v. Owen 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

Lastly, under Vermont law, the mortgagee holds title to the mortgaged premises until redeemed by the mortgagor. It is entirely plausible that Ms. Greene, as title holder, would have to foreclose on a delinquency of the present mortgagors, if a delinquency persisted. She has an inchoate right remaining in her Townsend homestead, one that in this case is not property of the estate. She does not intend to abandon that right and let her note proceeds go to her creditors. See, Vermont Title Standards, Standard 18.1, Discharge of Mortgages, Comment 1 (June, 2008).

_____
[9] "Federal bankruptcy law is now seen less as a creditor remedy than as a debtor protection". Skeel, David A., Jr., *Debt's Dominion, A History of Bankruptcy Law in America,* 210 (2001)

Joanne T. Greene, Ch. 7, 10-10801-cab
August 30, 2010

11

Debtor's Consolidated Response to Trustee's
Objections to Homestead Exemption
With Memo of Law & Request for Summary Judgment

## CONCLUSION

     For the foregoing reasons, judgment should be for the debtor that her promissory note proceeds from the sale of her Townsend homestead in 2009 are exempt and not property of the estate, and therefore the Trustee's objections should be overruled.

Dated at Bennington Vermont this 30th day of August 2010.

For the Debtor,

*/s/ John D. Toscano, Esq.*

_____
John D. Toscano, Esq.
236 Union Street #3
Bennington, VT 05201
802-442-6761

Joanne T. Greene, Ch. 7, 10-10801-cab
August 30, 2010

12

Debtor's Consolidated Response to Trustee's
Objections to Homestead Exemption
With Memo of Law & Request for Summary Judgment